UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GWENDOLYN WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV1850 RWS |
| | ) | |
| LENDER PROCESSING SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings a one-count age discrimination lawsuit under the Missouri Human Rights Act against her former employer, Lender Processing.[1] Lender moves to dismiss portions of plaintiff's age discrimination claim for failure to exhaust administrative remedies and because they are time-barred.[2] Count I of plaintiff's complaint alleges that defendant discriminated

---

[1] Plaintiff voluntarily dismissed Count II of her complaint on October 10, 2013 [#18].

[2] When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

against her by failing to properly train her, failing to consider her for a promotion, demoting her to clerical work, failing to offer her a raise, and terminating her. Yet in her Charge of Discrimination, plaintiff only alleges that she was "discharged due to . . . . my age, 54. I had been employed with the Respondent for 10 years . . . On or about March 12, 2012 I was discharged. The Respondent stated they were going in a different direction. I was replaced by someone . . . who is much younger than I am. During my employment with the Respondent I had received no verbal or written negative feedback."

Before a plaintiff may file a complaint alleging violations of the MHRA, she must first exhaust her administrative remedies. <u>Richter v. Advance Auto Parts, Inc.</u>, 686 F.3d 847, 853-54 (8th Cir. 2012). Exhausting administrative remedies requires timely filing a charge of discrimination and receiving a right to sue letter. <u>See</u> <u>Stuart v. General Motors Corp.</u>, 217 F.3d 621, 630 (8th Cir. 2000). To be timely, a charge of discrimination must be filed within 180 days of the alleged act of discrimination under the MHRA. Mo. Rev. Stat. § 213.075.1. After completing this process the exhaustion requirement is met and a plaintiff may thereafter "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." <u>Nichols v. Am. National Ins. co.</u>, 154 F.3d 875, 887 (8th Cir. 1998).

Plaintiff's Charge of Discrimination only alleges termination as the basis for her claim of discrimination. In opposition to dismissal, plaintiff argues that all her claims of discrimination are timely filed as part of a continuing violation. The continuing violation theory "permits a plaintiff to recover for acts of discrimination occurring prior to the 180-day filing period if the discrimination is a series of interrelated events." <u>Wallingsford v. City of Maplewood</u>, 287

S.W.3d 682, 685 (Mo. banc 2009). To demonstrate a continuing violation, plaintiff must show that at least one act occurred within the filing period and that "the harassment is a series of interrelated events, rather than isolated or sporadic acts of intentional discrimination." Pollock v. Wetterau Food Distribution Group, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999). While it is true that plaintiff's Charge of Discrimination was timely filed with respect to her termination, the continuing violation theory does not apply in this case to save plaintiff's remaining untimely allegations. Plaintiff has not alleged a hostile work environment claim. Instead, she complains of failure to train, failure to promote, constructive demotion, failure to provide a raise, and termination. These are a series of discrete acts that occurred at particular moments in time, over the course of an extended employment relationship. The United States Supreme Court addressed the continuing violation theory with respect to Title VII claims in National R. R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). The Supreme Court explained that, unlike hostile work environment claims, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are . . . incident[s] of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." Id. at 114. The same reasoning applies to claims brought under the MHRA. See Tisch v. DST Systems, Inc., 368 S.W.3d 245, 244-45 (Mo. Ct. App. 2012) (explaining that Supreme Court decision in Morgan regarding continuing violations is "persuasive guidance" for application of continuing violation theory to MHRA claims). Because "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period," Morgan, 536 U.S. at 112, only plaintiff's termination claim is actionable. See Tisch, 368 S.W.3d at 255 (applying Morgan to conclude that complaints of demotion, denial of transfer, and failure to promote were all discrete acts of

discrimination under MHRA not subject to continuing violation theory). However, these acts, while not independently actionable, may still be properly used as background evidence in support of plaintiff's timely claim of age discrimination arising out of her termination. See Morgan, 536 U.S. at 113.

Because plaintiff exhausted her administrative remedies with respect to her termination claim, she may seek relief for "all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge." Alhalabi v. Missouri Department of Natural Resources, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009) (relying upon Tart v. Hill Behan Lumber, 31 F.3d 668, 671 (8th Cir. 1994)). "Further, the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." Alhalabi, 300 S.W.3d at 525 (citing Tart, 31 F.3d at 671). A claim for termination is not like or reasonably related to plaintiff's other claims for failure to promote, failure to train, demotion, or failure to increase pay. See McNeil v. Metro, 748 F. Supp. 2d 1047, 1056-57 (E.D. Mo. 2010); Hammonds v. Union Elec. Co., 2011 WL 6010919, *2 (E.D. Mo. Dec. 2, 2011); Ewing v. Fresh Ideas Management LLC, 2007 WL 4210062, *4 (E.D. Mo. Nov. 27, 2007). Plaintiff argues, without legal or factual support, that an investigation into her termination "would almost certainly have" included an investigation into these other allegations. I disagree, given plaintiff's lengthy employment history and the wide gap between plaintiff's termination and these other alleged events. Moreover, plaintiff has come forward with no evidence suggesting that these other allegations were actually investigated by the EEOC or the MCHR. Because plaintiff failed to exhaust her administrative remedies with respect to her failure to promote, failure to train, demotion, or failure to increase pay claims under the MHRA,

these claims have not been preserved and must be dismissed. However, as stated above, these allegations remain relevant to this case as background evidence in support of plaintiff's termination claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#8] is granted only as set forth above: Paragraph 39(a)-(d) of plaintiff's complaint is not independently actionable as part of plaintiff's age discrimination claim; but, the allegations may appropriately be used as background evidence in support of Count I. In all other respects, the motion is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2013.